**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **P.J., R.J., and L.J.**

**No. 23-624** (Kanawha County 22-JA-273, 22-JA-274, and 22-JA-275)

**MEMORANDUM DECISION**

Petitioner Mother H.A.[1] appeals the Circuit Court of Kanawha County's October 3, 2023, order terminating her parental rights to P.J., R.J., and L.J., arguing that the circuit court erred by terminating her improvement period and, thereafter, her parental rights based on the evidence.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In July 2022, the DHS filed a petition alleging that the petitioner had a substance abuse problem impeding her ability to effectively parent the children. The petition included an incident in which the two older children, R.J. and L.J., found the petitioner on the floor bleeding from her mouth and screaming. After L.J. called 9-1-1, the petitioner continued to act erratically in the presence of emergency personnel, such as refusing to step on the floor because she believed it was on fire. Responders observed "a strong odor of marijuana emanating throughout the home," ashes scattered on surfaces, all stove burners turned on although no food was being prepared, and the home in a generally unclean condition with dried animal waste on the floor. The petitioner later admitted that she used methamphetamine that day and used it on a regular basis. Finally, the petitioner was arrested for child neglect creating risk of injury as a result of the foregoing. Upon these allegations, the DHS asserted that the petitioner abused and/or neglected all three children in the home.

---

[1] The petitioner appears by counsel Matthew A. Victor. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Kristen E. Ross. Counsel Bryan B. Escue appears as the children's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

At a hearing held in September 2022, the petitioner stipulated to the allegations in the DHS's petition, admitting that her use of illegal substances negatively impacted her ability to parent the children. Therefore, the circuit court found the children to be abused and neglected and the mother to be an abusing parent. Thereafter, the petitioner filed a written motion for a post-adjudicatory improvement period, which the court granted at a hearing held in November 2022.

The circuit court then held several review hearings, culminating in a final review hearing held in June 2023. Evidence introduced at these hearings indicated that, although she mostly participated in services, the petitioner's drug screens consistently returned positive results for THC and Suboxone. The petitioner's results indicated varying levels of Suboxone despite the petitioner being prescribed a specific, consistent dose. In that respect, the court expressed that "it is very troubling to see the levels fluctuate. It shouldn't be occurring if the medication is being properly administered or taken . . . . Otherwise, it is just used to perpetuate an addiction." Additionally, the father tested positive for amphetamines, methamphetamine, marijuana, heroin, morphine, and fentanyl, and the petitioner admitted that he had been staying in the home with her. Notwithstanding the several positive drug screens for THC, the petitioner denied that she used marijuana and opined that the positive screens could be from using the father's vaping device, claiming that marijuana makes her ill. Although the petitioner insisted that she did not use marijuana, she stated that she was planning to obtain a medical cannabis card, because that was her "only choice." Following the June 2023 review hearing, the court terminated the petitioner's improvement period.

The court then proceeded to disposition in August 2023, at which time the DHS and guardian supported termination of the petitioner's parental rights. The court heard testimony from the petitioner's service provider who stated that there had been minimal progress. The petitioner's drug screens remained inconsistent, which resulted in irregular visits with the children. She also had not implemented parenting techniques despite being provided services such as parenting and adult life skills classes and supervised visitation for over a year. A Child Protective Services worker testified regarding the petitioner's drug screens, advising that she had recently been screening "clean," however, she would occasionally test positive for Suboxone "way above the cut-off levels" or not at all. The petitioner testified and insisted that she took her Suboxone as prescribed but that she was "titrating." However, the court did not find the petitioner's testimony credible. Based on the foregoing, the court determined that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected in the near future and that the best interests of the children required termination of her parental rights. It is from the dispositional order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner argues that the court erred in terminating her improvement period when there was insufficient evidence to do so. Pursuant to West Virginia Code § 49-4-610(7), "the court shall terminate any improvement period granted

---

[3] The father's parental rights were also terminated during these proceedings. The permanency plan for the children is adoption by a kinship placement.

pursuant to this section when the court finds that [the parent] has failed to fully participate in the terms of the improvement period." Here, the evidence supported the court's decision to terminate the petitioner's improvement period because of the "troubling" testimony regarding the petitioner's fluctuating drug screen results. While the petitioner asserts that she was compliant with her Suboxone program which allegedly required "titration," the court made a credibility determination in this regard that we refuse to disturb on appeal. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). The petitioner further argues that the amount of THC which she tested positive for was "miniscule," and that the court should have required the DHS to prove that the drug screens were not faulty. This argument is premised on the petitioner's assertion that she does not use that drug, pointing to her own testimony that it makes her ill. We find that the court correctly considered the weight of the evidence presented. Even assuming that the drug screens yielded false-positive results, the petitioner ignores her admission to using the father's vaping device, despite claiming that THC makes her ill. Finally, the petitioner insists that that she was denied a meaningful improvement period; however, our review of the record reveals that she was provided services such as drug screening, parenting and adult life skills classes, and supervised visitation. Therefore, we see no abuse of discretion in the court's decision to terminate the petitioner's improvement period. *See* Syl. Pt. 2, *In re Lacey P.*, 189 W. Va. 580, 433 S.E.2d 518 (1993) ("[I]t is also within the court's discretion to terminate the improvement period . . . .").

The petitioner lastly argues that the court erred in terminating her parental rights without first requiring the guardian to file a report in accordance with Rule 18a of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings,[4] which deprived the court of full consideration of the evidence. The petitioner cites to no authority that would require the vacation of a dispositional order in the absence of such a report, cites to no part of the record where she objected to the guardian's failure to file a report prior to disposition, and fails to specifically state how disposition would have been different with a report. *See* W. Va. R. App. P. 10(c)(7) (requiring that a petitioner's brief "cit[e] the authorities relied on" and contain "appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal."); *see also In re T.W.*, No. 21-0574, 2022 WL 123562, at *5 (W. Va. Jan. 12, 2022) (memorandum decision) (determining that, although the circuit court proceeded to disposition without requiring the guardian to file a report, the "petitioner provides no explicit example of how this matter could have possibly been impacted by the provision of a report"). Therefore, we find no merit in the petitioner's argument. Because the petitioner raises no other argument in support of her assertion that termination was in error, it follows that the court did not err in terminating the petitioner's parental rights based on the evidence in the record. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights upon finding "there is no reasonable likelihood that the conditions of neglect or abuse can be

---

[4] According to Rule 18a(b), "[a] guardian ad litem should . . . submit a written report to the court and provide a copy to all parties at least five (5) days prior to the disposition hearing."

substantially corrected in the near future" and that termination is necessary for the welfare of the child).[5]

Accordingly, we find no error in the decision of the circuit court, and its October 3, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: October 1, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Hutchison, Justice, dissenting:

I dissent and would have set this case for oral argument to address a constitutional error alleged in this appeal: the right of a parent to effective counsel when their parental rights are being terminated in an abuse and neglect proceeding.

In my recent dissent to *In re R.H.*, No. 23-483, 2024 WL 3721411, at *3 (memorandum decision, W. Va. Aug. 7, 2024), I emphasized that every person has a constitutional right to choose to be a parent and to choose how to safely raise a child. But when the State seeks to terminate that right to a parent-child relationship because of abuse or neglect toward the child, the parent has a constitutional right to counsel. This right to counsel has been established in West Virginia for fifty years. Syl. pt. 1, *State ex rel. Lemaster v. Oakley*, 157 W. Va. 590, 203 S.E.2d 140 (1974).

As I noted in *In re R.H.*, without the right to effective and competent assistance, the right to counsel is illusory. Having seen untold numbers of abuse and neglect cases over my years as a circuit judge and justice, I recognize that there are many fundamental issues beyond the quality of counsel that need to be addressed to alleviate the growing parental-termination crisis in this State. Still, without passing judgment on counsel in this case, I believe that this Court must, at some future point, resolve once and for all whether it approves of ineffective, incompetent assistance of counsel in abuse and neglect cases. As I said in *In re R.H.*, practitioners in this field should persist in developing and pursuing effectiveness claims before circuit courts and this Court.

---

[5] The petitioner raises an additional assignment of error, asserting that she had ineffective assistance of counsel during the proceedings below. However, as we have repeatedly stated, "this Court has never recognized a claim of ineffective assistance of counsel in the context of abuse and neglect proceedings, and we decline to do so here." *In re C.R.*, No. 22-0189, 2022 WL 3961921, at *6 (W. Va. Aug. 31, 2022) (memorandum decision).

Accordingly, I respectfully dissent.